J. A21040/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHRISTOPHER BETANCOURTH, | : | No. 45 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered November 21, 2018,
in the Court of Common Pleas of Lehigh County
Criminal Division at Nos. CP-39-CR-0004143-2016,
CP-39-CR-0004144-2016, CP-39-CR-0004145-2016,
CP-39-CR-0004272-2016

BEFORE:  BOWES, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　**FILED NOVEMBER 18, 2020**

Christopher Betancourth appeals **pro se** from the November 21, 2018 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we vacate the PCRA court's order and remand with instructions consistent with this memorandum.

The relevant procedural history of this case, as gleaned from the certified record, is as follows:  On July 26, 2017, appellant pled guilty to unlawful possession of a firearm, receiving stolen property, and two counts of robbery.[1]  On September 13, 2017, the trial court sentenced appellant to an

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 3925(a), and 3701(a)(1)(ii), respectively.

aggregate term of 6½ to 14 years' imprisonment. Appellant did not file a post-sentence motion for reconsideration of his sentence or a direct appeal.

On July 12, 2018, appellant filed a timely *pro se* PCRA petition and Alfred Stirba, IV, Esq. ("PCRA counsel"), was appointed to represent him. PCRA counsel subsequently filed a "no-merit" letter and petition to withdraw in accordance with ***Turner***/***Finley***,[2] concluding that there existed no meritorious issues to raise on appellant's behalf. Following an evidentiary hearing, the PCRA court granted counsel's petition to withdraw and continued the hearing at appellant's request to allow him the opportunity to obtain private counsel. (***See*** notes of testimony, 9/10/18 at 3-4.) Appellant failed to do so, and an evidentiary hearing was conducted on November 19, 2018. The attorney who represented appellant during his guilty plea, Gavin Holihan, Esq. ("Attorney Holihan"), testified at this hearing. On November 21, 2018, the PCRA court entered an order denying appellant's petition. On December 11, 2018, appellant filed separate timely *pro se* notices of appeal at each docket number, listing all four docket numbers – CP-39-CR-0004143-2016, CP-39-CR-0004144-2016, CP-39-CR-0004145-2016, and CP-39-CR-0004272-2016.

Prior to consideration of the merits of this appeal, we must first address whether appellant's notice of appeal complied with the requirements set forth

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (***en banc***).

in the Pennsylvania Rules of Appellate Procedure and *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). In *Walker*, our supreme court provided a bright-line mandate requiring that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case," or the appeal will be quashed. *Id.* at 971, 976-977. The *Walker* court applied its holding prospectively to any notices of appeal filed after June 1, 2018. In the instant case, appellant's notices of appeal were filed on December 11, 2018, and therefore, the *Walker* mandate applies. This appeal was of a single order resolving issues arising on all four docket numbers. A review of the record demonstrates that appellant filed separate notices of appeal at each docket number; however, the notices of appeal referenced all four docket numbers in their respective captions. A recent *en banc* panel of this court held that such a practice does not invalidate appellant's separate notices of appeal. *Commonwealth v. Johnson*, ___ A.3d ___, 2020 WL 3869723 (Pa.Super. July 9, 2020) (*en banc*). Accordingly, we turn to the merits of appellant's appeal.

The crux of appellant's argument is that the PCRA court erred in failing to appoint new counsel after his first PCRA counsel was granted permission to withdraw pursuant to *Turner*/*Finley*. (Appellant's brief at 4, 15-16.)

Preliminarily, we must address appellant's failure to file a court-ordered Pa.R.A.P. 1925(b) statement raising this issue on appeal. Instantly, the record reflects that the PCRA court ordered appellant to file a Rule 1925(b)

concise statement on December 14, 2018. Although the PCRA court's Rule 1925(a) opinion indicates that appellant complied with its order, no concise statement appears in the certified record, and the dockets do not indicate that one was ever filed. (*See* PCRA court opinion, 1/2/19 at 3.) Likewise, appellant's brief does not address this defect. Generally, "a complete failure to file, or failure to timely file, a Rule 1925(b) statement results in waiver of the issues." *Commonwealth v. Thompson*, 39 A.3d 335, 341 (Pa.Super. 2012) (citation omitted); *see also* Pa.R.A.P. 1925(b)(4)(vii). Our inquiry, however, does not end here.

It is well established in this Commonwealth that a petitioner's "right to counsel arises from the Pennsylvania Rules of Criminal Procedure." *Commonwealth v. Smith*, 818 A.2d 494, 499 n.6 (Pa. 2003) (citation omitted). Pennsylvania Rule of Criminal Procedure 904 provides that the PCRA court is required to appoint counsel to an indigent petitioner under certain conditions. *See* Pa.R.Crim.P. 904(C) (stating "the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief"); *and see* Pa.R.Crim.P. 904(D) (stating that "the judge shall appoint counsel" **in any case where "an evidentiary hearing is required[,]**" pursuant to Rule 908) (emphasis added).

In *Commonwealth v. Stossel*, 17 A.3d 1286 (Pa.Super. 2011), a panel of this court held "that where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court

- 4 -

is required to raise this error **sua sponte** and remand for the PCRA court to correct that mistake." **Id.** at 1290. In that case, the **Stossel** court reasoned that the petitioner had expressed his desire to proceed **pro se**, but the PCRA court had failed to conduct a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) (requiring an on-the-record determination of the voluntariness of a defendant's waiver of the right to counsel during criminal proceedings). **Stossel**, 17 A.3d at 1290.

Instantly, it would appear that the PCRA court prematurely granted PCRA counsel's petition to withdraw and continued an evidentiary hearing on November 19, 2018, where the court heard testimony from the attorney who represented appellant during his guilty plea, Attorney Holihan, and appellant remained unrepresented.

Our review of the record does not indicate that appellant waived his rule-based right to appointed counsel for the purposes of the November 19, 2018 evidentiary hearing conducted in the PCRA court. Pursuant to **Stossel**, we find that the PCRA court was required to appoint appellant new counsel or conduct an on-the-record determination of voluntariness of appellant's waiver of the right to counsel, in accordance with **Grazier**, prior to conducting an evidentiary hearing.

Consequently, we vacate the PCRA court's order denying relief and remand for further proceedings. The PCRA court is instructed first to determine whether appellant remains indigent, and if so, whether he desires

appointed counsel. If appellant intends to proceed **_pro se_**, the PCRA court must conduct a **_Grazier_** hearing. If counsel is ultimately appointed, the PCRA court must afford appointed counsel a reasonable opportunity to prepare for a new evidentiary hearing. **_See also Commonwealth v. Laboy_**, 230 A.3d 1134, 1138-1139 (Pa.Super. 2020).

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 11/18/2020*