J-A27044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER BOCELLI | : | |
| | : | |
| Appellant | : | No. 955 EDA 2020 |

Appeal from the PCRA Order Entered March 4, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004064-1990

BEFORE:   STABILE, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED:  FEBRUARY 8, 2021**

Appellant, Christopher Bocelli, appeals, *pro se*, from the order dismissing his "Petition to Open and Vacate Judgment."  We affirm.

This Court has previously summarized the extensive procedural history of this case, which we set forth only to the extent relevant to our resolution of the instant petition.[1]  On July 19, 1991, a jury convicted Appellant of murder of the first degree, robbery, aggravated assault, and criminal conspiracy.[2]  On February 8, 1995, the trial court sentenced Appellant to life imprisonment on

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See Commonwealth v. Bocelli*, No. 2444 EDA 2019, unpublished memorandum at 1-3 (Pa. Super. filed Dec. 19, 2019); *Commonwealth v. Bocelli*, No. 2476 EDA 2017, unpublished memorandum at 2-5 (Pa. Super. filed Feb. 21, 2018); *Commonwealth v. Bocelli*, No. 1386 EDA 2015, unpublished memorandum at 1-3 (Pa. Super. filed Feb. 19, 2016).

[2] 18 Pa.C.S. §§ 2502(a), 3701(a), 2702(a), and 903, respectively.

the murder charge and concurrent terms of imprisonment on the robbery and conspiracy charges. Appellant filed a timely notice of appeal, and this Court affirmed his judgment of sentence on October 19, 1995. Appellant filed a petition for allowance of appeal with our Supreme Court, which the Court denied on June 17, 1996. Appellant did not seek review with the United States Supreme Court.

On March 26, 2001, Appellant filed his first petition pursuant to the Post Conviction Relief Act ("PCRA").[3] On December 28, 2005, the PCRA court dismissed the petition and granted Appellant's appointed counsel petition to withdraw as counsel. On March 26, 2007, this Court vacated the PCRA court's December 28, 2005 order and remanded for further proceedings based upon a failure of compliance with the procedures set forth in **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Subsequent PCRA counsel filed a petition to withdraw and no-merit letter, and on March 25, 2011, the PCRA court entered an order granting the petition to withdraw and dismissing the PCRA petition. Appellant did not appeal from this order.

Since the date of the dismissal of his first PCRA petition, Appellant has "filed a multitude of petitions, including multiple PCRA petitions, applications, and appeals, in the [Court of Common Pleas], this Court, the Supreme Court of Pennsylvania, and the Commonwealth Court of Pennsylvania, all of which

---

[3] 42 Pa.C.S. §§ 9541-9546.

the courts denied." ***See Commonwealth v. Bocelli***, No. 2444 EDA 2019, unpublished memorandum at 2 (Pa. Super. filed Dec. 19, 2019) (citation omitted).

On February 13, 2020, Appellant filed the instant *pro se* petition in the Court of Common Pleas. The following day, the court issued a notice pursuant to Pa.R.Crim.P. 907 informing Appellant of its intent to dismiss the petition, which the court treated as a PCRA petition. Appellant filed a response to the Rule 907 notice, and on March 4, 2020 the lower court entered an order dismissing the petition. Appellant filed a timely notice of appeal of this order.[4]

Appellant raises the following issues on appeal:

I. Was appellate counsel ineffective for failing to file notice of appeal for the purpose of direct appeal from the order of the lower court dated November 21, 1991?

II. Is the order of the lower court, dated 02/13/1995, which evidenced the resentencing of Bocelli, void for having been created upon proceeding before tribunal which lacked jurisdiction and statutory authorization?

III. Did the lower court improperly terminate trial on July 19, 1991 without a verdict or guilty plea being accepted before an open court?

Appellant's Brief at 1 (suggested answers and unnecessary capitalization omitted).

---

[4] On April 29, 2020, the trial court filed a notice pursuant to Rule of Appellate Procedure 1925(a) stating that it was relying on the reasons set forth in its February 14, 2020 Rule 907 notice and its March 4, 2020 order dismissing the PCRA petition.

Initially, we must address whether the Court of Common Pleas properly treated Appellant's "Petition to Open and Vacate Judgment" as a PCRA petition. In his petition, Appellant asserted that his judgment is void based on the fact that the record does not contain evidence that he pleaded guilty or that a guilty verdict was entered against him. Petition to Open and Vacate Judgment, 2/13/20, ¶¶5-10, 13-14, 17-20. Appellant therefore requested that the Court of Common Pleas vacate his judgment of sentence of life imprisonment and order his immediate release as any further detention would constitute a violation of his due process rights. *Id.*, ¶¶7, 9, 14, 16, 21.

These claims are properly addressed as a writ of *habeas corpus*. As this Court has held, "a claim that a defendant's sentence is illegal due to the inability of the [Department of Corrections] to 'produce a written sentencing order related to [his] judgment of sentence' constitutes a claim legitimately sounding in *habeas corpus*." **Joseph v. Glunt**, 96 A.3d 365, 368 (Pa. Super. 2014) (quoting **Brown v. Department of Corrections**, 81 A.3d 814, 814 (Pa. 2013) (*per curiam*)). The writ of *habeas corpus* "lies to secure the immediate release of one who has been detained unlawfully, in violation of due process." *Id.* at 369 (citation omitted). The writ is an "extraordinary remedy" that may only be invoked when all other remedies have been exhausted or are unavailable. **Commonwealth v. Smith**, 194 A.3d 126, 138 (Pa. Super. 2018) (citation omitted). "[A]n appellate court will review a grant or denial of a petition for writ of *habeas corpus* for abuse of discretion, but for questions of law, our standard of review is *de novo*, and our scope of review

is plenary." ***Commonwealth v. McClelland***, 233 A.3d 717, 732 (Pa. 2020) (quoting ***Commonwealth v. Judge***, 916 A.2d 511, 521 n.13 (Pa. 2007)).

This Court addressed the issues Appellant raises in the instant petition in our prior decision affirming the Court of Common Pleas' denial of Appellant's November 6, 2014 petition for writ of *habeas corpus*:

> The certified record establishes a jury convicted Appellant of first-degree murder, robbery, aggravated assault, and conspiracy. When a person is found guilty of first-degree murder, the only possible sentences are death or life imprisonment without parole. 18 Pa.C.S. § 1102(a).[8] Further, the certified record contains the transcript from the sentencing hearing and the sentencing sheet, both of which confirm Appellant was sentenced to life imprisonment without parole, 10 to 20 years' incarceration for robbery, and 5 to 10 years' incarceration for criminal conspiracy. A failure to provide a written sentencing order does not provide Appellant relief. ***See Joseph***, 96 A.3d at 370.
>
> > [8] A version of this statute was in effect when the trial court sentenced Appellant. ***See*** 18 Pa.C.S. § 1102 (1983).

***Commonwealth v. Bocelli***, No. 1386 EDA 2015, unpublished memorandum at 5-6 (Pa. Super. filed Feb. 19, 2016). As this Court has previously rejected the issues raised by Appellant in his current petition, we need not address them further. ***See Zane v. Friends Hospital***, 836 A.2d 25, 29 n.6 (Pa. 2003) (under the law of the case doctrine, "an appellate court may not alter the resolution of a legal question previously decided by the same appellate court") (citation omitted); ***Commonwealth v. McCandless***, 880 A.2d 1262, 1267-68 (Pa. Super. 2005) (same).

Appellant also asserts arguments in his petition that the trial court was without jurisdiction to impose his February 8, 1995 sentence and that his

sentence was illegal. Petition to Open and Vacate Judgment, 2/13/20, ¶¶11, 12. These claims fall within the purview of the PCRA. *See* 42 Pa.C.S. § 9542 ("Th[e PCRA] provides for an action by which persons . . . serving illegal sentences may obtain collateral relief."); 42 Pa.C.S. § 9543(a)(2)(viii) (providing that a petitioner may bring a claim that the judgment was issued by a tribunal that lacked jurisdiction to hear the case); *Commonwealth v. Larkin*, 235 A.3d 350, 355 (Pa. Super. 2020) (*en banc*) (PCRA is intended as sole means of achieving post-conviction relief and subsumes writ of *habeas corpus* unless the PCRA cannot provide a potential remedy).

The PCRA contains a strict one-year time bar for all filings under that statute measured from the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond the one-year time period only if the petitioner alleges and proves one of three statutory exceptions relating to interference by government officials with the presentation of the claim, newly discovered facts, or a newly recognized retroactive constitutional right. *Id.*; *Commonwealth v. Anderson*, 234 A.3d 735, 738 (Pa. Super. 2020). Any petition attempting to invoke these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the underlying merits of a claim. *Commonwealth v. Laboy*, 230 A.3d 1134, 1137 (Pa. Super. 2020).

In this case, the judgment of sentence was issued on February 8, 1995 and was affirmed by this Court on October 19, 1995. Our Supreme Court denied Appellant's petition for allowance of appeal on June 17, 1996, and Appellant did not seek review with the United States Supreme Court. Therefore, Appellant's judgment of sentence became final on September 15, 1996, upon the expiration of the time for filing a petition for writ of *certiorari* with the United States Supreme Court. ***See*** 42 Pa.C.S. § 9545(b)(3) ("For purposes of th[e PCRA], a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S.Sup.Ct.R. 13 (petition for writ of *certiorari* must be filed within 90 days of judgment). The instant petition filed on February 13, 2020 was thus untimely under the PCRA. 42 Pa.C.S. § 9545(b)(1).

Therefore, the PCRA court lacked jurisdiction to hear Appellant's claims unless Appellant pleaded and proved one of the three statutory exceptions to the one-year time bar. ***Id.***; ***Anderson***, 234 A.3d at 738. Appellant did not cite any of the three timeliness exceptions in his petition nor can any of the allegations contained in the petition be fairly construed as attempting to invoke any of the exceptions.[5]

---

[5] Appellant alleged in his petition that applying the one-year time bar "prejudices and prevents [him] from presenting his entire argument and allowing his entire case to be reviewed." Petition to Open and Vacate Judgment, 2/13/20, ¶15. However, Appellant's bald claim of prejudice did not

Accordingly, to the extent that Appellant's petition raises claims under the PCRA, these were properly dismissed by the Court of Common Pleas as untimely. **See Larkin**, 235 A.3d at 355 (petitioner may not escape PCRA time-bar by raising PCRA issues in a writ of *habeas corpus*).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/21

---

invoke any of the three statutory exceptions that serve as the only means by which a PCRA petitioner may escape the jurisdiction-stripping effect of the time bar. 42 Pa.C.S. § 9545(b)(1); **Commonwealth v. Ali**, 86 A.3d 173, 177 (Pa. 2014).

In his response to the Rule 907 notice, Appellant cites the interference by government officials and newly discovered fact exceptions to the PCRA time bar. Response to Court Notice, 3/2/20, ¶¶6, 8, 10. However, these claimed exceptions are unavailing as Appellant did not plead them in his petition. 42 Pa.C.S. § 9545(b)(1); **Anderson**, 234 A.3d at 738. In any event, Appellant's claim of governmental interference would fail as his allegations relate to actions by the Department of Corrections in 1991 and 1995, long outside the one-year period in which a PCRA petitioner may invoke the PCRA timeliness exceptions. Response to Court Notice, 3/2/20, ¶¶4-8; **see** 42 Pa.C.S. § 9545(b)(2). In addition, while Appellant claims that the Court of Common Pleas' August 6, 2019 order dismissing his prior *habeas corpus* petition was a new fact that allowed him to evade the PCRA time bar, Response to Court Notice, 3/2/20, ¶10, "judicial determinations are not facts" and therefore a court ruling cannot trigger the newly discovered fact exception of the PCRA. **Commonwealth v. Watts**, 23 A.3d 980, 986-87 (Pa. 2011).