J-S05012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EUGENIO HERNANDEZ-ANDINO | : | |
| | : | |
| Appellant | : | No. 900 EDA 2020 |

Appeal from the PCRA Order Entered February 10, 2020
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000519-2015

BEFORE:  BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                         **FILED JULY 13, 2021**

Eugenio Hernandez-Andino appeals *pro se* from the order that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We vacate the order and remand for further proceedings.

Given our disposition, a detailed history of the case is unnecessary.  In short, Appellant was sentenced to life imprisonment after a jury convicted him of first-degree murder, and his direct appeal resulted in no relief.  ***See Commonwealth v. Hernandez-Andino***, 203 A.3d 307 (Pa.Super. 2018) (unpublished memorandum), *appeal denied*, 214 A.3d 228 (Pa. 2019).

Thereafter, Appellant filed a timely *pro se* PCRA petition raising several claims of ineffective assistance of trial counsel.  The PCRA court entered an order that (1) appointed PCRA counsel to represent Appellant and file an amended petition, (2) scheduled a hearing, and (3) directed trial counsel to attend the hearing.  ***See*** Order, 7/31/19.  Rather than file an amended

petition, PCRA counsel filed a motion to withdraw to which he attached a no merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). By orders entered September 23, 2019, the PCRA court both granted PCRA counsel's motion to withdraw and ordered him to provide the case materials to Appellant for an evidentiary hearing on the PCRA petition. Apparently a hearing was held, although no transcript appears in the certified record, at which Appellant represented himself and trial counsel testified. **See** PCRA Court Opinion, 2/10/20, at unnumbered 2-4. From this hearing, the PCRA court made findings of fact and concluded that Appellant failed to meet his burden of proving any of his claims of ineffective assistance of trial counsel. **See id**. at 5-10.

Appellant filed a timely *pro se* notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[1] Appellant presents this Court with five issues concerning the merits of his claims of ineffective assistance of counsel. **See** Appellant's brief at 3. However, based upon the following authority, we do not reach those questions.

---

[1] Appellant's *pro se* statement, although filed more than twenty-one days after the entry of the PCRA court's order directing a Pa.R.A.P. 1925(b) statement, was timely filed based upon Supreme Court's extensions of filing deadlines due to the COVID-19 pandemic. **See In re Gen. Statewide Judicial Emergency**, 228 A.3d 1283 (Pa. 2020), *supplemented*, 228 A.3d 253 (Pa. 2020), *and supplemented*, 229 A.3d 229 (Pa. 2020). The PCRA court complied with its Pa.R.A.P. 1925(a) obligations by directing us to the February 10, 2020 opinion that accompanied its dismissal order.

"Pennsylvania courts have recognized expressly that every post-conviction litigant is entitled to at least one meaningful opportunity to have issues reviewed, at least in the context of an ineffectiveness claim." *Commonwealth v. Karanicolas*, 836 A.2d 940, 945 (Pa.Super. 2003) (cleaned up). All PCRA petitioners "have a general rule-based right to the assistance of counsel for their first PCRA Petition." *Commonwealth v. Cherry*, 155 A.3d 1080, 1082 (Pa.Super. 2017). Specifically, Rule 904 provides that, except in death penalty cases, "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C). We have held that this right extends "through the entire appellate process." *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa.Super. 2009) (*en banc*).

A PCRA petitioner, even on his first petition, has no absolute right to a hearing, and relief may be denied if it is clear from the record that the claims lack merit. *See* Pa.R.Crim.P. 907(1). On the other hand, a hearing is required where the petitioner "raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief[.]" *Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa.Super. 2019) (cleaned up). *See also* Pa.R.Crim.P. 908. This Court has indicated that the appointment of counsel is mandated "in any case when an evidentiary hearing is required pursuant to Rule 908." *Commonwealth v. Laboy*, 230 A.3d 1134, 1138–39 (Pa.Super. 2020). *See*

*also* Pa.R.Crim.P. 904(D) (providing that a PCRA court shall appoint counsel for indigent petitioners when it determines a Pa.R.Crim.P. 908 evidentiary hearing is warranted even in second and subsequent petitions where there is otherwise no right to appointed counsel). This right also extends through an appeal. **See Commonwealth v. Jackson**, 965 A.2d 280, 284 (Pa.Super. 2009) ("If the appointment of counsel is deemed necessary for purposes of conducting an evidentiary hearing, then the petitioner requires the assistance of counsel throughout the litigation of the issue. Such litigation necessarily includes the appeals process.").

The PCRA's rule-based right to counsel may be waived by the petitioner. Nonetheless, such a waiver must be knowing and voluntary as established through an on-the-record colloquy. **See Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998) ("When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one.").

A PCRA petitioner's right to counsel is satisfied and extinguished when counsel withdraws pursuant to **Turner** and **Finley**. **See Commonwealth v. Johnson**, 803 A.2d 1291, 1294 (Pa.Super. 2002). Before the PCRA court may grant such a withdrawal request, however, it must conclude from an independent review of the record that the claims the petitioner wishes to raise lack merit. **See**, **e.g.**, **Commonwealth v. Muzzy**, 141 A.3d 509, 511 (Pa.Super. 2016) ("Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this

Court—must then conduct its own review of the merits of the case."). Consequently, such withdrawals typically either precede the dismissal of the PCRA petition without a hearing or occur on appeal after the PCRA hearing denied the PCRA petition following a hearing. *See*, *e.g.*, *id*. ("If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief."); *Commonwealth v. Freeland*, 106 A.3d 768, 775 (Pa.Super. 2014) (granting petition to withdraw pursuant to *Turne*r/*Finley* on appeal from denial of PCRA relief following a hearing).

Finally, "where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." *Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa.Super. 2011). Likewise, we must *sua sponte* address the deprivation of the right to counsel even when litigating a second or subsequent petition for which the right otherwise does not attach if the PCRA court conducts a hearing pursuant to Rule 908. *See Laboy*, *supra* at 1138–39.

Applying the above principles to the instant case, we *sua sponte* conclude that Appellant was deprived of his right to counsel. Specifically, we observed that Appellant is an indigent, first-time PCRA petitioner, and thus has a right to counsel throughout the proceedings, including this appeal. The PCRA court's decision to allow counsel to withdraw pursuant to *Turner* and *Finley* should have signaled that it was able to conclude from the record that Appellant's claims were wholly without merit, and no further proceedings were

necessary. However, when the PCRA court subsequently determined that a Rule 908 hearing was warranted, Appellant's right to counsel re-attached. *See Laboy*, *supra* at 1138. Moreover, there is no indication in the certified record that Appellant waived that right following a *Grazier* hearing.

Accordingly, rather than reach the merits of the substantive claims Appellant raises in this appeal, we follow the procedures established in *Laboy*. Specifically, we vacate the order denying Appellant's PCRA petition and remand for further proceedings. The PCRA court must initially determine whether Appellant remains indigent and, if so, whether he desires to have counsel appointed. If Appellant wishes to proceed *pro se*, the PCRA court must conduct a *Grazier* hearing. If Appellant wishes to have counsel, the PCRA court must appoint new counsel and conduct a new evidentiary hearing on the claims raised in Appellant's PCRA petition after counsel has had a reasonable opportunity to prepare. *See Laboy*, *supra* at 1139. The PCRA court may then rule on the merits of Appellant's PCRA claims by entering a new final order.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2021

- 6 -