J-S10026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT THAD BLUM | : | |
| | : | |
| Appellant | : | No. 1440 MDA 2020 |

Appeal from the PCRA Order Entered October 1, 2020
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001370-2015,
CP-54-CR-0001554-2015

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          FILED: JULY 19, 2021

Scott Thad Blum appeals *pro se* from the order dismissing his first
petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A.
§§ 9541-9546.[1] In lieu of an advocate's brief, Blum's counsel filed a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] A review of Docket No. CP-54-CR-0001554-2015 reveals that the PCRA court
did not enter an order disposing of Blum's petition at that docket number. This
Court issued a rule to show cause why the appeal should not be quashed as
to Docket No. 1554-2015 because no order was entered at that docket. As
discussed below, we must vacate the order at Docket No. CP-54-CR-0001370-
2015. Therefore, upon remand the trial court will have the opportunity to enter
an order. Consequently, we also do not need to address whether the appeal
filed presently violates our Supreme Court's directive in **Commonwealth v.
Walker**, 185 A.3d 969 (Pa. 2018). However, we remind the parties of the
requirement set forth in **Walker** that if an order disposes of issues on more
than one docket, a separate notice of appeal must be filed at each docket
number.

***Turner/Finley***[2] "no-merit" letter and a motion to withdraw as counsel in the PCRA court. After granting the motion to withdraw, and conducting an evidentiary hearing, the PCRA court dismissed Blum's petition. Upon careful review, we vacate the order dismissing Blum's petition, and remand to the PCRA court.

On November 16, 2018, Blum pleaded guilty to driving under the influence, driving while operating privilege is suspended, retail theft, possession of a controlled substance, and possession of drug paraphernalia.[3] Blum filed the instant, timely, PCRA petition on November 8, 2019, and the PCRA court appointed counsel to represent him. On March 9, 2020, appointed counsel filed a ***Turner/Finley*** no-merit letter along with a motion to withdraw as counsel. On March 27, 2020, the court granted counsel's leave to withdraw and gave Blum notice of its intent to dismiss his petition pursuant to Rule 907. On June 9, 2020, Blum filed a *pro se* response to the Rule 907 notice.

On September 11, 2020, the court issued an order scheduling an evidentiary hearing on Blum's petition. The court conducted the hearing on

_____

[2] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.3d 213 (Pa.Super. 1988) (*en banc*).

[3] ***See*** 75 Pa.C.S.A. §§ 3802(d)(2) and 1543(b)(1.1)(i), 18 Pa.C.S.A. § 3929(a)(1), and 35 P.S. §§ 780-113(a)(16) and (a)(32).

September 14, 2020, wherein Blum appeared *pro se*. On October 1, 2020, the PCRA court dismissed Blum's petition. This timely appeal followed.[4]

Prior to considering the merits of the issues Blum has raised on appeal, we must *sua sponte* consider whether Blum was improperly denied his right to counsel. **See Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa.Super. 2011) (stating "where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake").

Rule 904 of the Pennsylvania Rules of Criminal Procedure provides a right to counsel for a first PCRA petition. **See** Pa.R.Crim.P. 904(C). It also provides that, "[o]n a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required as provided in Rule 908, the judge shall appoint counsel to represent the defendant." Pa.R.Crim.P. 904(D). Rule 908 provides in part that where a hearing is required, "[t]he judge shall permit the defendant to appear in person at the hearing and shall provide the defendant an opportunity to have counsel." Pa.R.Crim.P. 908(C). Where counsel is appointed, the appointment is effective

---

[4] Blum submitted his notice of appeal by mail while he was incarcerated and dated it October 26, 2020. Under the prisoner mailbox rule, courts deem a *pro se* document "filed" on the date it is placed in the hands of prison authorities for mailing. **See Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa.Super. 2011). Therefore, Blum timely filed his appeal.

throughout the entirety of the post-conviction proceedings. **See** Pa.R.Crim.P. 904(F)(2).

In **Commonwealth v. Laboy**, 230 A.3d 1134, 1138 (Pa.Super. 2020), this Court *sua sponte* considered whether an appellant was entitled to appointed counsel for an evidentiary hearing on his second PCRA petition. The PCRA court conducted a hearing on the petition without appointing counsel, and then denied the petition.

On appeal, the **Laboy** Court acknowledged that Rule 908(C) does not explicitly provide a right to appointed counsel, but rather suggests that an appellant "cannot be denied the opportunity to have private counsel at a PCRA hearing." **Id.** However, the Court then explained that Rule 904(D) does provide such a right:

> Like Rule 904(C), Rule 904(D) clearly conveys that the PCRA court is required to appoint counsel to an indigent petitioner under certain conditions. **See** Pa.R.Crim.P. 904(C) (stating "the judge **shall** appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief") (emphasis added); **and see** Pa.R.Crim.P. 904(D) (stating that "the judge **shall** appoint counsel" in any case when "an evidentiary hearing is required" pursuant to Rule 908) (emphasis added). In **Commonwealth v. Stossel**, 17 A.3d 1286 (Pa.Super. 2011), this Court, upon consideration of the rule-based right to appointed counsel set forth in Rule 904(C), held "that where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Id.** at 1290. In that case, we noted that Stossel had expressed his desire to proceed *pro se*, but the PCRA court had failed to conduct a [**Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998)] hearing. **Id.** The **Stossel** Court also found it to be immaterial to the preservation of Stossel's rule-

based right to counsel that his PCRA petition was patently untimely. *Id.* at 1288.

We ascertain no reason why a different standard would apply to the rule-based right to appointed counsel set forth in Rule 904(D).

*Id.* at 1138–39 (footnote omitted).

The *Laboy* Court then "*sua sponte* raise[d] the PCRA court's failure to appoint counsel to Appellant, or otherwise conduct a *Grazier* hearing, after the court had determined that Appellant was entitled to an evidentiary hearing[.]" *Id.* at 1139. It vacated the PCRA court's order and instructed the court to determine whether the appellant was indigent and desired appointed counsel, and if so, appoint counsel and provide counsel a reasonable opportunity to prepare for a new evidentiary hearing. *See id.*

Blum was entitled to representation during the evidentiary hearing. Although the court appropriately appointed counsel for Blum's first PCRA petition, it then allowed counsel to withdraw pursuant to *Turner*/*Finley* despite finding that Blum was entitled to an evidentiary hearing. In other words, the court found a genuine issue of material fact necessitating a hearing but failed to afford Blum counsel, even though it had found him to be indigent and that this was his first PCRA petition. Accordingly, we vacate the PCRA court's order denying Blum's petition and remand for further proceedings. If Blum is indigent and does not waive his right to counsel, the PCRA court shall

appoint counsel and afford appointed counsel a reasonable opportunity to prepare for a new evidentiary hearing.[56] **See Laboy**, 230 A.3d at 1138-39.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/19/2021

---

[5] Because we must vacate the order denying Blum's PCRA petition, we do not reach the merits of the issues he raised on appeal.

[6] Blum's Application for Correction of the Record is denied.