J-S01031-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ADAM EUGENE PITTINGER | : | |
| | : | |
| Appellant | : | No. 674 MDA 2021 |

Appeal from the PCRA Order Entered April 27, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003857-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ADAM EUGENE PITTINGER | : | |
| | : | |
| Appellant | : | No. 675 MDA 2021 |

Appeal from the PCRA Order Entered April 27, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004111-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ADAM EUGENE PITTINGER | : | |
| | : | |
| Appellant | : | No. 676 MDA 2021 |

Appeal from the PCRA Order Entered April 27, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004322-2016

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                         :            PENNSYLVANIA
                                         :
                  v.                        :
                                         :
                                       :
ADAM EUGENE PITTINGER         :
                                       :
            Appellant           :    No. 677 MDA 2021

Appeal from the PCRA Order Entered April 27, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0005452-2016

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:               **FILED: MAY 24, 2022**

Appellant, Adam Eugene Pittinger, appeals *pro se* from the order dismissing as untimely his first petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

We glean the following relevant procedural history from the certified records and our prior decision in these matters. ***See Commonwealth v. Pittinger***, No. 1638 MDA 2017, 2018 WL 5077092, at *1-2 (Pa. Super., filed October 18, 2018) (unpublished memorandum).

In 2016, Appellant was charged at four dockets with 24 total counts of burglary and related charges. On May 3, 2017, Appellant entered an open guilty plea to three felony burglary counts and one count of misdemeanor theft, one charge at each of the four dockets. That same day, the trial court

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

imposed an aggregate sentence of 6 to 20 years' imprisonment. Following sentencing, Appellant filed *pro se* motions to withdraw his plea and reduce his sentence, which the trial court denied after a hearing.

Appellant filed timely appeals of his convictions through counsel, and counsel filed an **Anders**[2] brief and application to withdraw. On October 18, 2018, this Court issued a decision affirming Appellant's judgment of sentence and granting counsel's application to withdraw. **See id.** Appellant filed a *pro se* application for reargument on November 5, 2018, which this Court denied on December 20, 2018.[3]

Appellant did not file a timely petition for allowance of appeal in our Supreme Court and instead he filed with our Supreme Court a petition for leave to file a *nunc pro tunc* petition for allowance of appeal on February 12, 2019. On May 15, 2019, the Court denied Appellant's petition. **See**

_____

[2] **Anders v. California**, 386 U.S. 738 (1967).

[3] We note that Appellant's application for reargument was required to be filed within 14 days of our decision, on November 1, 2018. Pa.R.A.P. 2542(a)(1). However, pursuant to the prisoner mailbox rule, a *pro se* prisoner's submissions are deemed filed on the date delivered to prison authorities for mailing. **Commonwealth v. Kennedy**, 266 A.3d 1128, 1132 n.8 (Pa. Super. 2021). Appellant's application for reargument was mailed from the state correctional institute where he was residing sometime before November 5, 2018, the date it was stamped as received by this Court. Although the postmark on the envelope preserved on the docket is illegible and the application for reargument is undated, the Commonwealth represents in its brief that the application was timely under the prisoner mailbox rule as it was mailed on or before October 29, 2018. Commonwealth Brief at 8 n.5. We assume for the purpose of this decision that the application for reargument was timely filed.

***Commonwealth v. Pittinger***, No. 28 MM 2019 (Pa., filed May 15, 2019) (*per curiam* order).

On May 14, 2020, Appellant filed *pro se* the instant PCRA petition addressing his convictions and sentence at each of the four trial court dockets. Counsel was appointed to represent Appellant. Instead of filing an amended PCRA petition, PCRA counsel filed a motion to withdraw as well as a ***Turner***/***Finley***[4] no-merit letter, which the court granted. On March 30, 2021, the PCRA court filed a Pa.R.Crim.P. 907 notice of its intention to dismiss Appellant's petition without a hearing. Appellant did not file a response to the notice. On April 27, 2021, the PCRA court entered an order dismissing Appellant's petition as untimely. Appellant then filed timely *pro se* notices of appeal.

On appeal, Appellant asserts that his petition was in fact timely as it was filed within one year of our Supreme Court's denial of his petition for leave to file a *nunc pro tunc* petition for allowance of appeal. Even if not timely, Appellant argues that his appeal falls under the timeliness exceptions based upon governmental interference, newly discovered facts, and a newly recognized retroactive constitutional right.

Under the PCRA, any petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final."

_____

[4] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond the one-year time period only if the petitioner pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*; *see also Commonwealth v. Anderson*, 234 A.3d 735, 737 (Pa. Super. 2020).

Any petition attempting to rely on these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the underlying merits of a claim. *Commonwealth v. Laboy*, 230 A.3d 1134, 1137 (Pa. Super. 2020). "The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein." *Anderson*, 234 A.3d at 738 (citation omitted). The PCRA petitioner bears the burden of proving that an untimely petition falls within one of the three exceptions. *Id.*

The PCRA provides that a judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme

- 5 -

Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This Court affirmed Appellant's judgment of sentence on October 18, 2018. Appellant filed an application for reargument, which this Court denied on December 20, 2018. Therefore, Appellant had until January 22, 2019 to file his petition for allowance of appeal with our Supreme Court. **See** Pa.R.A.P. 1113(a)(1) (petition for allowance of appeal to the Pennsylvania Supreme Court must be filed within 30 days after the entry of the order of the intermediate appellate court denying reargument).[5]

Appellant did not file a petition for allowance of appeal within the allotted time frame. Instead, he filed a petition for leave to file a *nunc pro tunc* petition for allowance of appeal on February 12, 2019, which our Supreme Court denied. While our Rules of Appellate Procedure allow for a petitioner to seek *nunc pro tunc* relief to permit a late-filed petition for allowance of appeal, the Rules specifically provide that the filing of an application for *nunc pro tunc* relief will not extend the one-year mandatory time limit for filing a PCRA petition. **See** Pa.R.A.P. 1113(d), Note (allowing for filing of *nunc pro tunc*

_____

[5] The thirtieth day after December 20, 2018 was Saturday, January 19, 2019. The deadline for Appellant to file a petition for allowance of appeal was extended by rule until Tuesday, January 22, 2019, the first business day after the Martin Luther King, Jr. holiday. **See** 1 Pa.C.S. § 1908 (when the last day for a statutory filing deadline falls on a weekend or holiday, the deadline shall be extended until the next business day); Pa.R.A.P. 107 (incorporating 1 Pa.C.S. § 1908 with respect to deadlines set forth in the Rules of Appellate Procedure).

relief to file a late petition for allowance of appeal but providing that "nothing in this rule is intended to expand upon the jurisdictional time limitations of the" PCRA); *Commonwealth v. Postie*, 200 A.3d 1015, 1020 (Pa. Super. 2018) (*en banc*) (petition for allowance of appeal *nunc pro tunc* that was denied by Supreme Court does not alter date on which judgment of sentence became final for purpose of PCRA); *Commonwealth v. Hutchins*, 760 A.2d 50, 52, 54 (Pa. Super. 2000) (same).

Appellant's conviction thus became final on January 22, 2019, the last day upon which he could have filed a petition for allowance of appeal, and he had until January 22, 2020 to file his PCRA petition. 42 Pa.C.S. § 9545(b)(1). Appellant's May 14, 2020 PCRA petition was therefore untimely. Accordingly, Appellant bears the burden of pleading and proving that this case falls within one of the three PCRA statutory timeliness exceptions. *Id.*; *Anderson*, 234 A.3d at 737-38.

Upon review, we conclude that Appellant's untimely petition does not fall within the statutory exceptions. First, we note that Appellant did not reference any of the timeliness exceptions in his petition nor did he attempt to justify his filing beyond the statutory deadline; this defect alone provides grounds for our affirmance of the PCRA court's dismissal of the petition.[6] *Commonwealth v. Furgess*, 149 A.3d 90, 93 (Pa. Super. 2016) ("Asserted

---

[6] Appellant completed a form PCRA petition that included space for allegations relating to the timeliness exceptions; however, he left this page of his PCRA petition blank. PCRA Petition, 5/14/20, at 3.

exceptions to the time restrictions for the PCRA must be included in the petition, and may not be raised for the first time on appeal."); **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007) (appellate court is without jurisdiction to consider statutory timeliness exceptions not included in PCRA petition).

Even construing the allegations in Appellant's *pro se* PCRA petition liberally, we would find that Appellant has not satisfied the timeliness exception standards. Appellant's petition includes various allegations relating to the purported ineffectiveness of his counsel at trial and on direct appeal. However, the deficient performance of defense counsel does not constitute "governmental interference" or a new "fact" for the purpose of the timeliness exceptions of Section 9545(b)(1)(i) and (ii) of the PCRA. **See Commonwealth v. Pursell**, 749 A.2d 911, 915-17 (Pa. 2000). Furthermore, Appellant's PCRA petition does not contain any reference to a newly recognized retroactive constitutional right that would permit him to evade the PCRA jurisdictional time bar under Section 9545(b)(1)(iii).

Accordingly, we conclude that the PCRA court properly found that Appellant's PCRA petition was untimely, and Appellant did not satisfy the PCRA's timeliness exceptions. We therefore affirm the PCRA court's April 27, 2021 order dismissing the petition.[7]

_____

[7] Appellant has also raised several claims in his appellate brief of ineffective assistance by his PCRA counsel. Appellant's Brief at 9-10. In
*(Footnote Continued Next Page)*

Order affirmed.

Judge Nichols joins the Memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/24/2022

---

***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), our Supreme Court held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Id.*** at 401. In ***Bradley***, however, the petitioner filed a **timely** PCRA petition and then sought to raise a PCRA ineffectiveness claim on appeal. ***Id.*** at 384. Here, by contrast, Appellant filed an **untimely** petition that did not satisfy the timeliness exceptions. Because the untimeliness of Appellant's petition deprives us of jurisdiction to consider Appellant's petition, we likewise are barred from addressing Appellant's PCRA counsel ineffectiveness claims. ***Laboy***, 230 A.3d at 1137; ***see also Commonwealth v. Mead***, No. 646 MDA 2021, 2022 WL 984604, at *3 n.2 (Pa. Super., filed April 1, 2022) (unpublished memorandum) (declining to consider PCRA counsel ineffectiveness claims raised on appeal from untimely PCRA petition).

We further note that Appellant asserts that he was prevented in conducting legal research and making necessary filings as a result of the COVID-19 pandemic. Appellant's Brief at 7. However, Appellant's PCRA petition was due on or before January 22, 2020, prior to the onset of the pandemic and ensuing judicial emergency in March 2020. ***See In re General Statewide Judicial Emergency***, 228 A.3d 1281 (Pa., filed March 16, 2020) (*per curiam*) (declaring general, statewide judicial emergency). Therefore, the COVID-19 pandemic could not have interfered with Appellant filing of his petition within one year of the date the judgment became final.