J-S15013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WALTER PAUL RAVEN | : | |
| | : | |
| Appellant | : | No. 1204 MDA 2022 |

Appeal from the PCRA Order Entered March 9, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003629-2012

BEFORE:  BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:  **FILED: MAY 23, 2023**

Walter Paul Raven appeals from the order entered on March 9, 2022, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  For the reasons that follow, we vacate and remand for the appointment of counsel.

This Court has previously detailed the history of this case.  ***See Commonwealth v. Raven*** ("***Raven I***"), 97 A.3d 1244 (Pa.Super. 2014); ***Commonwealth v. Raven*** ("***Raven II***"), 169 A.3d 1165 (Pa.Super. 2017) (unpublished memorandum).  Briefly, Appellant pled guilty in 2013 to a plethora of drug-related offenses resulting from a morphine sale at case number 3629-2012 ("Docket 3629"), and to multiple motor vehicle-related offenses in connection with a hit-and-run accident where Appellant struck a motorcycle, killing the two occupants, at case number 3415-2012 ("Docket 3415").  The trial court sentenced Appellant to an aggregate term of

incarceration of seventy-eight to 300 months. This Court affirmed Appellant's judgment of sentence and our Supreme Court denied his petition for allowance of appeal. *See Raven I*, *supra*, *appeal denied*, 105 A.3d 736 (Pa. 2014). Appellant timely filed a first PCRA petition, which the PCRA court denied after a hearing and his appeal garnered no relief. *See Raven II*, *supra*, *appeal denied*, 172 A.3d 585 (Pa. 2017).

On March 5, 2021, Appellant *pro se* filed the instant PCRA petition. Understanding that such petition was patently untimely, Appellant averred that he met the newly-discovered facts exception to the PCRA's time bar. As the new evidence pertained to an officer involved in the investigation of Docket 3629, Appellant only included Docket 3629 in the petition's caption. The caption for all subsequent PCRA filings also included only Docket 3629.

The PCRA court appointed Leonard Gryskewicz, Jr., Esquire, who sought to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 550 A.2d 213 (1988) (*en banc*). The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907 and granted counsel's motion to withdraw. Appellant *pro se* filed a response, alleging that his petition met one of the timeliness exceptions and that Attorney Gryskewicz had provided ineffective assistance of counsel by seeking to withdraw instead of amending his petition. *See* Response in Opposition to Notice of Intent to Dismiss, 7/16/21. The Commonwealth filed a response, arguing that the petition was untimely and that the PCRA court should either rule on the new claim of

ineffective assistance of PCRA counsel or permit Appellant to develop the issue further at a hearing.

On February 3, 2022, the PCRA court held an evidentiary hearing. **See** N.T. PCRA Hearing, 2/3/22, at 2 (court explaining that after it "did an order basically dismissing your PCRA, . . . you filed a motion to be heard so that's why we are here today" and then asking Appellant if he was "prepared to go forward with [his] case"). Appellant appeared *pro se* and attempted unsuccessfully to introduce various news articles into evidence pertaining to the substance of his *pro se* PCRA petition. Appellant, clearly struggling with presenting his case, advised the court that he was in poor health and that he did not have a lawyer. **See id**. at 2-5. The Commonwealth argued against the merits and attempted to ascertain the correct procedure for addressing Appellant's claim of ineffective assistance of PCRA counsel in light of our Supreme Court's decision in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021),[1] as follows:

> . . . "I'm not sure, honestly, the best way to go. The Court could tell him or appoint new counsel to investigate his claim of ineffectiveness of counsel of Mr. Gryskewicz since he's alleging them.

---

[1] In **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), our Supreme Court abandoned the approach, existing at the time Appellant filed his Rule 907 response, of utilizing Rule 907 as the sole mechanism for challenging PCRA counsel's ineffectiveness. **Id**. at 397-98, 400-01. In its place, the Court implemented "a modified and flexible . . . approach allowing a petitioner to raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal." **Id**. at 405.

The Court could . . . since he's not presented any evidence, other than claims of articles that would really be hearsay, dismiss it and let it go to the Superior Court. In which case, they would have to follow the rules of **Bradley** if he filed a brief alleging the ineffectiveness [*sic*] assistance of Mr. Gryskewicz.

Or the Court, I guess, could appointment [*sic*] him counsel now and we could try to do it now, and see what happens once that occurs. . . .

. . . .

That said, I think the new case of **Bradley** kind of throws us into a little bit of a procedural limbo as to how best to proceed.

N.T. PCRA Hearing, 2/3/22, at 8-10.

Appellant, unfamiliar with the **Bradley** decision, insisted that he was raising a "Brady claim."[2] N.T. PCRA Hearing, 2/3/22, at 11. In response, the Commonwealth noted "[t]hat raises the issue of someone who is *pro se*, who really doesn't know the rules and knows what's going on." **Id**. Finally, the Commonwealth averred that Attorney Gryskewicz should have an opportunity to be heard before being found ineffective. The PCRA court took the matter under advisement.

On March 9, 2022, the PCRA court denied Appellant's petition. In the accompanying memorandum, the PCRA court did not address Appellant's claim that Attorney Gryskewicz was ineffective, instead construing that issue as an ineffectiveness claim regarding his attorneys during the direct appeal

---

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

and initial PCRA proceedings. On August 29, 2022, Appellant filed the instant appeal.[3]

At the outset, we are compelled to *sua sponte* address the court's denial of Appellant's right to counsel in connection with his PCRA petition. ***See Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa.Super. 2011) (ruling that, where it appears that an indigent PCRA petitioner was denied his rule-based right to counsel, "this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake.").

_____

[3] Below is a non-exhaustive list of the myriad problems pertaining to this appeal that undoubtedly emanated from and were compounded by Appellant's denial of his right to counsel, discussed *infra*:

- Neither the PCRA court's order nor its memorandum advised Appellant of his right to appeal.

- Appellant purported to file another petition on April 11, 2022, raising the same claims and requesting the appointment of counsel. Nothing happened with that petition.

- Appellant filed two notices of appeal, one for each lower court docket, in an attempt to comply with ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018). Since the PCRA court order only listed Docket 3629, this Court quashed the appeal with respect to Docket 3415 because no order appeared on the docket pertaining to that lower court docket number.

- Given the gross untimeliness of the appeal, this Court issued a rule to show cause order as to why the appeal should not be quashed. Appellant filed a response detailing his attempts to timely file a notice of appeal without the benefit of counsel and this Court discharged the rule to show cause order.

- The PCRA court did not order Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b). In its Rule 1925(a) opinion, the PCRA court merely urged this Court to quash the appeal as untimely.

Our Rules of Criminal Procedure mandate that the PCRA court appoint counsel to represent an indigent petitioner any time it determines an evidentiary hearing is necessary. *See* Pa.R.Crim.P. 904(D); *see also*, *e.g.*, *Commonwealth v. Laboy*, 230 A.3d 1134, 1138–39 (Pa.Super. 2020). Critically, the only time a PCRA petitioner should appear *pro se* at an evidentiary hearing is if he has made a knowing and voluntary waiver of his right to counsel pursuant to *Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998) ("When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one."). Moreover, "[i]f the appointment of counsel is deemed necessary for purposes of conducting an evidentiary hearing, then the petitioner requires the assistance of counsel throughout the litigation of the issue," including the appeal process. *Commonwealth v. Jackson*, 965 A.2d 280, 284 (Pa.Super. 2009).

Here, based on Appellant's response to the Rule 907 notice and his claim of ineffective assistance of PCRA counsel, the PCRA court determined that an evidentiary hearing was warranted. Therefore, Appellant was entitled to the appointment of counsel "for purposes of conducting an evidentiary hearing" and "throughout the litigation of the issue," including the instant appeal. *Id*. Appellant was denied this right without a knowing and voluntary waiver. Accordingly, we vacate the PCRA court's order denying Appellant's PCRA petition, remand for the appointment of counsel to assist Appellant with the

evidentiary hearing on his ineffective assistance of PCRA counsel claim, and shall continue to assist Appellant thereafter in the litigation of that claim.

Order vacated. Case remanded for the appointment of counsel. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2023