2020 PA Super 69

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERTO LABOY | : | |
| | : | |
| Appellant | : | No. 809 MDA 2019 |

Appeal from the PCRA Order Entered April 24, 2019
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000979-2006

BEFORE:  BENDER, P.J.E., KING, J., and MUSMANNO, J.

OPINION BY BENDER, P.J.E.:                    **FILED MARCH 24, 2020**

Appellant, Roberto Laboy, appeals *pro se* from the order denying, as untimely, his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–46.  After careful review, we vacate that order, and remand with the instructions discussed below.

On May 10, 2011, a jury found Appellant guilty of second-degree murder and related offenses.  On July 27, 2011, the trial court sentenced him to a mandatory term of life imprisonment without the possibility of parole, and to a concurrent term of 10-20 years' incarceration.  During Appellant's direct appeal from his judgment of sentence, this Court summarized the facts adduced at trial as follows:

> In the early morning of January 21, 2006, Tina Garcia and her friend, David Kern, left a bar in Lebanon City as it closed for the evening.  Shortly thereafter, Garcia noticed that two males, wearing parkas with fur hoods, had followed her and Kern into an

alley. Ultimately, the two men accosted Garcia and Kern. Garcia heard one of the men asking Kern for his money.

Kern and Garcia informed the men that they did not have any money and continued walking down the alley. The men pursued Garcia and Kern, and caught up to them near a garage. Kern told Garcia to get help as there was "gonna [*sic*] be a problem." As she ran to knock on nearby doors, Garcia watched as the two men viciously beat Kern. In particular, Garcia observed the taller of the males, whom she later identified as [Appellant], punch Kern in the chest several times. Shortly thereafter, Kern slumped to the ground.

The assailants promptly fled the scene of the attack. Garcia was able to summon the authorities, who arrived to find that Kern had died as a result of multiple stab wounds to his chest. After Garcia was shown a photo array and identified [Appellant] as an assailant, [Appellant] was arrested and charged with multiple crimes. Also charged was James Tee Hower as the second assailant.

Shortly before the trial of his charges, Hower agreed to plead guilty to third[-]degree murder in exchange for his testimony at Appellant's trial.

*Commonwealth v. Laboy*, No. 211 MDA 2012, unpublished memorandum at 1-2 (Pa. Super. filed September 11, 2012).

On direct appeal, Appellant argued, *inter alia*, that the Commonwealth violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose to the defense evidence of "a potential agreement between Garcia and prosecutors to provide Garcia a benefit during her sentencing on an unrelated crime in exchange for her testimony" against Appellant. *Laboy*, No. 211 MDA 2012, at 5. This Court rejected that claim,[1] as well as the other issues raised by

_____

[1] In rejecting Appellant's *Brady* claim, this Court reasoned that Appellant failed to offer any evidence of such an agreement, despite having had "the opportunity to call other witnesses to establish the existence of such an agreement[.]" *Id.*

- 2 -

Appellant. This Court then affirmed his judgment of sentence, and our Supreme Court ultimately denied further review. *See Commonwealth v. Laboy*, 60 A.3d 849 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 63 A.3d 1245 (Pa. 2013). Appellant filed his first PCRA petition on May 9, 2013. Following a hearing, the PCRA court denied the petition on November 20, 2014. This Court affirmed, and our Supreme Court denied further review. *See Commonwealth v. Laboy*, 134 A.3d 104 (Pa. Super. 2015), *appeal denied*, 134 A.3d 55 (Pa. 2016).

The matter before us concerns Appellant's second, *pro se* PCRA petition, filed on July 2, 2018. The PCRA court conducted a hearing on November 20, 2018, at which Garcia's counsel (Andrew Morrow, Esq.) and the prosecutor (District Attorney David Arnold)[2] testified. The PCRA court subsequently denied the petition as untimely on April 24, 2019, at which time the court also issued an opinion explaining its reasoning.

Appellant filed a timely notice of appeal and a timely, court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court did not issue a Rule 1925(a) opinion. However, the court had filed an opinion that accompanied its April 24, 2019 order denying Appellant's PCRA petition.

Appellant now presents the following questions for our review:

a. Whether Appellant's second PCRA petition meets the time bar exception(s) pursuant to 42 Pa.C.S. § 9545(b)(1)(i) [and/or] (ii)

---

[2] District Attorney Arnold prosecuted both Appellant's murder trial and Garcia's forgery charges. He agreed to dismiss Garcia's forgery charges after Appellant was convicted.

as incorporated in the said PCRA petition filed on or about July 2, 2018?

b. Whether the Commonwealth committed prosecutorial misconduct in depriving Appellant [of] a fundamentally fair trial when presenting false testimony that it[]s[] witness did not have an agreement with the Commonwealth for her testimony and the continuance of her pending forgery case until after Appellant's trial was concluded?

c. Whether the PCRA court erred [by] not providing [A]ppellant an opportunity to have counsel at his evidentiary hearing in accordance with the Pennsylvania Rules of Criminal Procedure Rule 908(C)?

Appellant's Brief at 7 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[3]

We begin by addressing Appellant's third claim, wherein he asserts that he was deprived of the assistance of counsel in the PCRA court. He asserts that he is entitled to counsel pursuant to Pa.R.Crim.P. 908(C) ("The judge shall permit the defendant to appear in person at the hearing and shall provide the defendant an opportunity to have counsel.").

It is well-established that under the United States Constitution, "an accused does not have a right to counsel in state collateral proceedings." *Commonwealth v. Travaglia*, 661 A.2d 352, 367 (Pa. 1995). Instead, "a petitioner's right to counsel under the PCRA is established by the Rules of

---

[3] When Appellant's current PCRA petition was filed, Section 9545(b)(2) required PCRA petitions invoking a timeliness exception to be filed within 60 days of the date the claim could have been first presented. Therefore, Appellant's petition is subject to the 60-day limitation under the pre-amended version of the statute.

Criminal Procedure." ***Commonwealth v. Peterson***, 683 A.2d 908, 910 (Pa. Super. 1996).

Pennsylvania Rule of Criminal Procedure 904 provides that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C). Additionally, Rule 904 provides that: "On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required as provided in Rule 908, the judge shall appoint counsel to represent the defendant." Pa.R.Crim.P. 904(D).

Instantly, Appellant claims he was entitled to counsel pursuant to Rule 908(C). This specific claim is waived due to Appellant's failure to raise it in his Pa.R.A.P. 1925(b) statement. "Any issues not raised in a 1925(b) statement will be deemed waived." ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998). In any event, we are unconvinced that Rule 908(C), by its express terms, even conveys a rule-based right to *appointed* counsel. Rather, it suggests only that a petitioner cannot be denied the opportunity to have private counsel at a PCRA hearing.

However, Rule 904(D) is not so ambiguous. Like Rule 904(C), Rule 904(D) clearly conveys that the PCRA court is required to appoint counsel to an indigent petitioner under certain conditions. ***See*** Pa.R.Crim.P. 904(C) (stating "the judge ***shall*** appoint counsel to represent the defendant on the

defendant's first petition for post-conviction collateral relief") (emphasis added); **and see** Pa.R.Crim.P. 904(D) (stating that "the judge **shall** appoint counsel" in any case when "an evidentiary hearing is required" pursuant to Rule 908) (emphasis added). In **Commonwealth v. Stossel**, 17 A.3d 1286 (Pa. Super. 2011), this Court, upon consideration of the rule-based right to appointed counsel set forth in Rule 904(C), held "that where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Id**. at 1290. In that case, we noted that Stossel had expressed his desire to proceed *pro se*, but the PCRA court had failed to conduct a **Grazier**[4] hearing. **Id.** The **Stossel** Court also found it to be immaterial to the preservation of Stossel's rule-based right to counsel that his PCRA petition was patently untimely. **Id.** at 1288.

We ascertain no reason why a different standard would apply to the rule-based right to appointed counsel set forth in Rule 904(D). Our review of the record does not indicate that Appellant waived his rule-based right to appointed counsel for the purposes of the evidentiary hearing conducted in the PCRA court. Accordingly, following **Stossel**, we *sua sponte* raise the PCRA court's failure to appoint counsel to Appellant, or otherwise conduct a **Grazier** hearing, after the court had determined that Appellant was entitled to an

---

[4] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) (requiring an on-the-record determination of the voluntariness of a defendant's waiver of the right to counsel during criminal proceedings).

evidentiary hearing to address genuine issues of material fact regarding whether he could successfully invoke an exception the PCRA's time bar. Consequently, we vacate the PCRA court's order denying relief and remand for further proceedings. The PCRA court is instructed to first determine whether Appellant remains indigent,[5] and if so, whether Appellant desires appointed counsel. If Appellant intends to proceed *pro se*, the PCRA court must conduct a **_Grazier_** hearing. If counsel is ultimately appointed, the PCRA court must afford appointed counsel a reasonable opportunity to prepare for a new evidentiary hearing.

Because we are required to vacate the order denying Appellant's PCRA petition in order to resolve issues pertaining to his rule-based right to counsel, and because the factual record may change as a result of a new evidentiary hearing, we do not reach Appellant's first two claims.

Order **_vacated_**. Case **_remanded_** with the instructions set forth above. Jurisdiction **_relinquished_**.

Judge Musmanno joins this opinion.

Judge King concurs in the result.

_____

[5] Incarcerated individuals are most often indigent, especially those serving life sentences, but there may be special circumstances of which this Court is not aware that apply to Appellant. However, we presume Appellant remains indigent given the fact that he was previously afforded court-appointed counsel during the litigation of his first PCRA petition.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/24/2020