J-A09015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN LIRIANO-RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 1582 EDA 2021 |

Appeal from the PCRA Order Entered July 9, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000582-2017

BEFORE:   NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED JUNE 7, 2022**

Appellant Jonathan Liriano-Rodriguez appeals *pro se* from the order dismissing his timely first Post Conviction Relief Act[1] (PCRA) petition. Appellant claims that plea counsel's ineffectiveness caused him to enter an involuntary and unknowing guilty plea.  Appellant also contends that PCRA counsel was ineffective for failing to raise plea counsel's ineffectiveness.  We vacate the order and remand for further proceedings consistent with this memorandum.

By way of background, we note that Appellant entered an open guilty plea to third-degree murder on December 10, 2018.  On February 7, 2019, the court imposed a statutory maximum sentence of twenty to forty years'

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

incarceration. Appellant filed a post-sentence motion for reconsideration of sentence, which the trial court denied.

On direct appeal, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Liriano-Rodriguez*, 748 EDA 2019, 2020 WL 1137385, at *3 (Pa. Super. filed Mar. 9, 2020) (unpublished mem.). Appellant did not file a petition for allowance of appeal with our Supreme Court. Jack McMahon, Esq. (plea counsel) represented Appellant during his plea, at sentencing, and on direct appeal.

On August 4, 2020, Appellant filed a timely *pro se* PCRA petition. In his petition, Appellant claimed that because plea counsel provided ineffective assistance, his guilty plea was not knowing or voluntary. *Pro Se* PCRA Pet., 8/4/20, at 3-5 (unpaginated). Specifically, Appellant argued that plea counsel erred by advising Appellant that the trial court would not impose the statutory maximum sentence if he entered an open plea. *Id.* The PCRA court appointed Matthew Rapa, Esq. (PCRA counsel) to represent Appellant. On November 3, 2020, PCRA counsel filed a *Turner*/*Finley*[2] no-merit letter and a motion to withdraw as counsel. Appellant filed *pro se* objections to PCRA counsel's no-merit letter.

The PCRA court held a hearing on January 8, 2021, at which PCRA counsel explained that he had reviewed the record and concluded that the

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

issues Appellant sought to raise lacked merit. N.T. PCRA Hr'g, 1/8/21, at 4-8. The PCRA court granted PCRA counsel's motion for leave to withdraw. *Id.* at 11. The PCRA court then informed Appellant he had three options: (1) agree that his petition was meritless; (2) proceed *pro se* at an evidentiary hearing where Appellant could question plea counsel; or (3) hire private counsel to represent him at the evidentiary hearing. *Id.* at 11-12. The PCRA court continued the hearing to allow for Appellant to hire counsel. *Id.* at 12.

Appellant then filed a *pro se* motion for appointment of counsel, which the PCRA court denied on March 5, 2021. The PCRA court held another hearing on April 19, 2021. Appellant testified at the hearing that he had not retained counsel because his father could not afford to hire an attorney. N.T. PCRA Hr'g, 4/19/21, at 2-3. The PCRA court informed Appellant that he could either proceed with an evidentiary hearing *pro se* or hire private counsel. *Id.* at 4. Appellant stated he wanted an attorney. *Id.* The Commonwealth agreed to continue the hearing to give Appellant more time to hire an attorney. *Id.* at 4-6. The PCRA court informed Appellant that at the next hearing, he would have to proceed either with private counsel or *pro se*. *Id.* at 6.

On June 17, 2021, the PCRA court reconvened for an evidentiary hearing. At the outset of the hearing, Appellant reiterated that his family could not afford to hire an attorney on his behalf. N.T. PCRA Hr'g, 6/17/21, at 3. Appellant requested that the PCRA court appoint a public defender to represent him. *Id.* at 4. The PCRA court denied this request. *Id.* at 4-5.

The Commonwealth presented the testimony of plea counsel. *Id.* at 10-17. Appellant, acting *pro se*, cross-examined plea counsel. *Id.* at 17-18.

On July 9, 2021, the PCRA court denied Appellant's PCRA petition. Appellant filed a timely notice of appeal and a timely court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion adopting the legal analysis set forth in its July 9, 2021 order and opinion.

Appellant raises two issues for our review:

1. Whether [plea] counsel rendered ineffective assistance of counsel when he incorrectly told [Appellant] that he would not receive the maximum sentence of 20 to 40 years of imprisonment if he plead guilty to [third] degree murder and [Appellant] did receive the maximum sentence of 20 to 40 years in prison.

2. Whether appointed (PCRA) counsel rendered ineffective assistance of counsel when he failed to thoroughly investigate [Appellant's] claim and assist [Appellant] in the presentation of his claim in an acceptable legal term before appointed counsel filed/submitted his no-merit letter and motion to withdraw?

Appellant's Brief at 4 (formatting altered).

Before we reach the merits of Appellant's issues, we must address whether the PCRA court improperly deprived Appellant of his right to counsel. *See Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa. Super. 2011) (stating "where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake"); *see also Commonwealth v. Laboy*, 230 A.3d 1134, 1138-39 (Pa. Super. 2020) (considering *sua sponte* whether, pursuant to Pa.R.Crim.P. 904(D), a

defendant had a right to appointed counsel for an evidentiary hearing for his second PCRA petition); *and Commonwealth v. Blum*, 1440 MDA 2020, 2021 WL 3030266, at *1 (Pa. Super. filed July 19, 2021) (unpublished mem.).[3]

It is well settled that a petitioner is entitled to counsel to litigate their first PCRA petition, and counsel may be appointed on a subsequent PCRA petition in cases where the court determines that an evidentiary hearing is required or in a case where the interests of justice so require. *See Commonwealth v. Bradley*, 261 A.3d 381, 391 (Pa. 2021) (explaining that "a petitioner has a rule-based right to the appointment of counsel for a first PCRA petition" (citing Pa.R.Crim.P. 904)); *see also Stossel*, 17 A.3d at 1288.

In *Laboy*, the PCRA court held an evidentiary hearing on the defendant's second PCRA petition without appointing counsel. *Laboy*, 230 A.3d at 1137. Ultimately, the PCRA court denied the defendant's petition. *Id.* On appeal, a panel of this Court held that the PCRA court violated the defendant's right to counsel. *Id.* at 1139. Therefore, the *Laboy* Court vacated the order denying the defendant's petition, and remanded for the PCRA court to determine whether the defendant was indigent and if he desired appointed counsel. *Id.* This Court further stated that, if the defendant wished to proceed *pro se*, the PCRA court must conduct a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). *Id.*

---

[3] *See generally* Pa.R.A.P. 126(b) (noting that unpublished memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

In **Blum**, the defendant filed a timely *pro se* first PCRA petition and the PCRA court appointed counsel on his behalf. **Blum**, 2021 WL 3030266, at *1. The defendant's counsel then filed a **Turner**/**Finley** no-merit letter and a motion for leave to withdraw. **Id.** The PCRA court granted counsel's motion to withdraw and issued a notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. **Id.** However, after the defendant filed a *pro se* response to the Rule 907 notice, the PCRA court scheduled an evidentiary hearing, but did not appoint new counsel for the defendant. **Id.** The defendant was *pro se* at the evidentiary hearing, and the PCRA court subsequently dismissed the petition. **Id.** On appeal, this Court reversed, concluding that

> [the defendant] was entitled to representation during the evidentiary hearing. Although the court appropriately appointed counsel for [the defendant's] first PCRA petition, it then allowed counsel to withdraw pursuant to **Turner**/**Finley** despite finding that [the defendant] was entitled to an evidentiary hearing. In other words, the court found a genuine issue of material fact necessitating a hearing but failed to afford [the defendant] counsel, even though it had found him to be indigent and that this was his first PCRA petition. Accordingly, we vacate the PCRA court's order denying [the defendant's] petition and remand for further proceedings. If [the defendant] is indigent and does not waive his right to counsel, the PCRA court shall appoint counsel and afford appointed counsel a reasonable opportunity to prepare for a new evidentiary hearing.

**Id.** at *2 (citation and footnotes omitted).

Here, the PCRA court granted PCRA counsel leave to withdraw after PCRA counsel filed a **Turner**/**Finley** no-merit letter. **See** N.T. PCRA Hr'g, 1/8/21, at 11. Although the PCRA court allowed PCRA counsel to withdraw, the PCRA court then informed Appellant that it intended to hold an evidentiary

- 6 -

hearing. *See id.* Ultimately, the PCRA court held an evidentiary hearing at which Appellant was required to proceed *pro se*. *See* N.T. PCRA Hr'g, 6/17/21, at 3.

Based on our review of the record, there is nothing to indicate that Appellant waived his right to counsel following a *Grazier* hearing. To the contrary, the record demonstrates that Appellant repeatedly requested that the PCRA court appoint new counsel because he could not afford to hire a private attorney.[4] *See* N.T. PCRA Hr'g, 6/17/21, at 4-5; *see also* Order, 3/5/21. Under these circumstances, we conclude that the PCRA court deprived Appellant of his right to counsel at the June 17, 2021 evidentiary hearing. Therefore, we vacate the PCRA court's order denying Appellant's petition and remand for further proceedings. *See Laboy*, 230 A.3d at 1138-39; *Stossel*, 17 A.3d at 1288; *see also Blum*, 2021 WL 3030266, at *2.

On remand, we direct the PCRA court to conduct a hearing to determine whether Appellant is indigent and if he wishes to proceed with appointed counsel. If Appellant is indigent and he does not waive his right to counsel,[5] the PCRA court shall appoint new counsel to represent Appellant. The PCRA

---

[4] We note that the PCRA granted Appellant's requests to proceed *in forma pauperis* with respect to the PCRA proceedings and the instant appeal. *See* Order, 10/6/20; Order, 8/30/21.

[5] *See Grazier*, 713 A.2d at 82.

court must also provide appointed counsel with a reasonable opportunity to prepare for a new evidentiary hearing.[6]

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2022

---

[6] In light of our disposition, we do not reach the merits of the issues that Appellant has raised on appeal.