J-S07045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEN L. WILKINS SR. | : | |
| | : | |
| Appellant | : | No. 939 MDA 2023 |

Appeal from the PCRA Order Entered May 18, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001235-2015

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED MARCH 18, 2024**

Appellant, Allen L. Wilkins, Sr., appeals, *pro se*, from the May 18, 2023 order dismissing his serial petition filed under the Post Conviction Relief Act ("PCRA").[1]

As this Court has previously explained,

[Appellant] entered a plea of *nolo contendere* to barratry and on September 25, 2015, was sentenced to serve 12 months' probation consecutive to [his prior conviction for, *inter alia*, attempted murder at] Case No. CP-22-CR-3382-2002 [("No. 3382-2002")]. He filed a direct appeal that this Court dismissed for filing a defective brief. **See Commonwealth v. Wilkins**, No. 1877 MDA 2015 (Pa. Super. filed June 6, 2016). [Appellant] then filed a petition for allowance of appeal that our Supreme Court denied on March 14, 2017. **See Commonwealth v. Wilkins**, 169 A.3d 6 (Pa. 2017). He did not seek discretionary review in

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

> the United States Supreme Court. Consequently, the judgment of sentence became final on June 12, 2017.
>
> On February 1, 2019, [Appellant] filed a "plea agreement PCRA" that the PCRA court treated as a petition for relief under the PCRA. In the petition's caption, [Appellant] listed the docket numbers for both [the present matter, Case No. CP-22-CR-1235-2015 ("No. 1235-2015") and No. 3382-2002]. On May 16, 2019, the PCRA court issued notice of its intent to dismiss the petition under Pa.R.Crim.P. 907(a)(1) with an accompanying opinion explaining that Wilkins had failed to plead any timeliness exception to the PCRA time bar. After he responded, the PCRA court entered a June 28, 2019 order dismissing the petition.

*See Commonwealth v. Wilkins*, No. 1877 MDA 2015 (Pa. Super. filed Dec. 13, 2019), unpublished memorandum at 2-3.

On appeal, we affirmed the denial of PCRA relief as to both No. 1235-2015 and No. 3382-2002, finding that Appellant's PCRA petition was untimely as to both cases and Appellant did not plead or prove an exception to the PCRA's time bar in his petition. *Id.* at 3-4. Specifically related to No. 1235-2015, we noted that Appellant's judgment of sentence "became final on June 12, 2017, which means [Appellant] had until June 12, 2018, to timely file his petition" under the PCRA. *Id.* at 4.

Appellant filed a subsequent PCRA petition on December 24, 2019, which listed the docket numbers for both No. 1235-2015 and No. 3382-2002. The PCRA court gave notice of its intent to dismiss the petition on November 3, 2021. On February 17, 2022, the PCRA court entered an order dismissing the second petition. Appellant appealed from the denial of relief on May 18, 2022, and this Court quashed the appeal as untimely. Order, No. 789 MDA 2022, 8/10/22.

Appellant filed the instant PCRA petition on August 18, 2022, listing both No. 1235-2015 and No. 3382-2002 on the petition.[2] On February 24, 2023, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907(a)(1) based upon the reasons stated by the Commonwealth in its answer to the petition, including that the petition is untimely. On May 18, 2023, the PCRA court entered an order dismissing the petition.

Appellant filed a single, timely notice of appeal from the PCRA court's May 18, 2023 order, which was docketed in this Court at No. 790 MDA 2023. This Court, having detected that Appellant's singular notice of appeal improperly listed both docket numbers, directed Appellant to file two amended notices of appeal in the lower court, with each notice containing only one of the lower court docket numbers. Order, No. 790 MDA 2023, 6/23/23. Appellant complied, and the amended notice at No. 3382-2002 remained docketed in this Court at No. 790 MDA 2023, while the amended notice at No. 1235-2015 was docketed at the instant appellate docket No. 939 MDA 2023. Briefing schedules were issued at both No. 790 MDA 2023 and No. 939 MDA 2023. Appellant filed a brief in the instant matter, but he neglected to file any brief at No. 790 MDA 2023. Accordingly, Appellant's appeal at No. 790 MDA 2023 was dismissed for failure to file a brief. Order, No. 790 MDA 2023, 8/28/23. Therefore, we will address Appellant's appeal from the denial of his

_____

[2] The instant PCRA petition is Appellant's third petition as to No. 1235-2015, following the February 1, 2019 and December 24, 2019 petitions.

August 18, 2022 PCRA petition solely to the extent it seeks relief as to his judgment of sentence at No. 1235-2015.

The PCRA court dismissed Appellant's third PCRA petition as untimely. The PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the underlying merits of a claim. **_Commonwealth v. Hackett_**, 956 A.2d 978, 983 (Pa. 2008); **_Commonwealth v. Laboy_**, 230 A.3d 1134, 1137 (Pa. Super. 2020).

As noted above, absent an applicable PCRA time-bar exception, Appellant was required to file any PCRA petition by June 12, 2018, which was one year after the expiration of time for him to seek review in the United States Supreme Court of our Supreme Court's denial of his petition for allowance of appeal. **_See_** 42 Pa.C.S. § 9545(b)(1) (any PCRA petition must be filed within one year of the date judgment becomes final unless the petitioner pleads and proves one of the statutory exceptions); 42 Pa.C.S. § 9545(b)(3) ("For purposes of [the PCRA], a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S.Sup.Ct.R. 13 (petition for writ of _certiorari_ must be filed within 90 days of judgment). Therefore, the instant petition, filed on August 18, 2022, is untimely.

The PCRA provides that a petition may be deemed timely if the petitioner pleads and proves one of the following three exceptions to the one-year time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Any petition attempting to invoke these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant does not argue in his appellate brief that the PCRA court erred by dismissing his petition as untimely or that the petition satisfied any of the exceptions to the statutory time bar. As no argument with respect to the PCRA court's dismissal for untimeliness is before us, we have no reason to disturb the lower court's jurisdictional ruling and thus may affirm the lower court's dismissal of Appellant's petition without further analysis. *See Commonwealth v. Pacheco*, 263 A.3d 626, 649 n.23 (Pa. 2021) (stating that, where an issue addressed by the trial court is not presented on appeal, the appellant court "should not pass upon it[,] because failure to pursue an issue on appeal is just as effective a forfeiture as is the failure to initially raise the issue"). In any event, we note that, while Appellant raised each of the three statutory exceptions to the PCRA's one-year time bar in his petition,

none of the three grounds were adequately pled.[3]  Therefore, we would also find that the PCRA court properly dismissed the petition as untimely without conducting a hearing.  Accordingly, we affirm the PCRA court's May 18, 2023 order.

Order affirmed.

_____

[3] Appellant alleged that the governmental interference time bar exception was satisfied by his "violated plea agreement," PCRA Petition, 8/18/22, at 3, but he did not plead which governmental officials interfered with him raising his substantive claim, how the violation of his plea agreement would constitute interference with his ability to file a PCRA petition, or that he acted with due diligence in bringing his claim.  42 Pa.C.S. § 9545(b)(1)(i); **Commonwealth v. Bankhead**, 217 A.3d 1245, 1248 (Pa. Super. 2019).  Appellant's similar allegation that the "court's intention to violate plea agreement," PCRA Petition, 8/18/22, at 3, meets the newly discovered fact exception to the PCRA time bar also fails as he did not allege the specific facts upon which his claim was predicated, that these facts were previously unknown to him, or that such facts could not have been ascertained by due diligence.  42 Pa.C.S. § 9545(b)(1)(ii); **Commonwealth v. Brensinger**, 218 A.3d 440, 448 (Pa. Super. 2019) (*en banc*).

With respect to the retroactive constitutional right exception, Appellant cites our Supreme Court's decision in **Commonwealth v. Cosby**, 252 A.3d 1092 (Pa. 2021); PCRA Petition, 8/18/22, at 3, yet this decision was issued on June 30, 2021, more than one year prior to the filing of the instant petition.  **See Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa. Super. 2012) (prisoner is deemed to have knowledge of judicial decision that is alleged to recognize a retroactive constitutional right on the date it was issued).  Furthermore, **Cosby** did not establish a retroactive constitutional right, nor has our Supreme Court subsequently ruled that the rule in that case applies retroactively.  42 Pa.C.S. § 9545(b)(1)(iii).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/18/2024