J-S15034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE MONTANEZ | : | |
| | : | |
| Appellant | : | No. 2154 EDA 2023 |

Appeal from the PCRA Order Entered July 21, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009463-2011

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED JUNE 18, 2024**

Appellant, Jose Montanez, appeals, *pro se*, from the order dismissing his third petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

On February 6, 2013, Appellant was convicted by a jury of first-degree murder, robbery, burglary, and possessing an instrument of crime[2] related to a March 4, 2010 incident in which he stabbed a woman to death inside her home in Philadelphia. On that same date, the trial court imposed a mandatory sentence of life imprisonment without parole for the murder charge and concurrent terms of years of imprisonment on the remaining charges. Appellant did not file a post-sentence motion or a direct appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2502(a), 3701(a)(1)(i), 3502(a), and 907(a), respectively.

On February 6, 2014, Appellant filed a *pro se* PCRA petition. Counsel was appointed to represent Appellant ("PCRA Counsel"), and PCRA Counsel filed an amended PCRA petition on April 11, 2016. After holding an evidentiary hearing, the PCRA court issued an order on October 20, 2016, which found that Appellant was not entitled to the reinstatement of his direct appeal rights and directed the Commonwealth to respond to Appellant's remaining claim. Order, 10/20/16. Following the Commonwealth's submission of a response, the PCRA court denied the PCRA petition on March 3, 2017. This Court affirmed the denial of PCRA relief, **Commonwealth v. Montanez**, No. 1186 EDA 2017, 2018 WL 4907576 (Pa. Super., filed Oct. 10, 2018) (unpublished memorandum), and our Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Montanez**, 207 A.3d 904 (Pa. 2019) (table).

On June 24, 2019, Appellant filed a *pro se* second PCRA petition, which the PCRA court dismissed as untimely on July 10, 2020. Appellant filed a notice of appeal on October 13, 2020, but indicated that he was appealing to the United States Court of Appeals for the Third Circuit from a September 22, 2020 order dismissing his petition for writ of *habeas corpus*. Notice of Appeal, 10/13/20. After issuing a rule to show cause, this Court quashed Appellant's appeal from his second PCRA petition as being taken from an order not entered on the lower court docket. Order, No. 2348 EDA 2020, 4/5/21.

On June 8, 2021, Appellant filed a *pro se* motion for post-conviction DNA testing. On January 28, 2022, the PCRA court denied this motion. Appellant

- 2 -

filed a notice of appeal on May 23, 2022, which this Court quashed as untimely. Order, No. 1517 EDA 2022, 8/22/22.

Appellant filed his instant *pro se* third PCRA petition on September 27, 2022. In the petition, Appellant alleged that PCRA Counsel was ineffective based upon his deficient investigation of potential claims, remarks made at the PCRA hearing that Appellant felt were prejudicial to his case, and PCRA Counsel's failure to file a brief on Appellant's behalf. PCRA Petition, 9/27/22, at 4. With respect to the timeliness of his petition, Appellant alleged that he satisfied the newly discovered fact exception to the PCRA time bar, 42 Pa.C.S. § 9545(b)(1)(ii), citing our Supreme Court's decision in ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021). PCRA Petition, 9/27/22, at 3, 8.

Following the Commonwealth's submission of a response to the petition, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907(a), advising Appellant that it would dismiss the petition as untimely because ***Bradley*** does not establish a right to file a second PCRA petition beyond the statute's one-year time bar. Rule 907(a) Notice, 5/26/23. Appellant did not file a response, and the PCRA court filed an order on July 21, 2023, dismissing the PCRA petition. Appellant then filed this timely appeal.[3]

Appellant raises the following issues for our review:

---

[3] Appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on August 18, 2023. The PCRA court issued a Pa.R.A.P. 1925(a) opinion on October 2, 2023.

[1.] Does the fact that [Appellant] was not afforded a full and fair PCRA appeal as guaranteed under law excuse the one year time limit 42 Pa.C.S. § 9545?

[2.] Was PCRA Counsel assigned to [Appellant] ineffective in his representation of [Appellant] under Pa.R.Crim.P. 904(F)(2)[?]

[3.] Did [Appellant] have a right to a full and fair PCRA appeal where a review of the trial record and the evidence presented therein was also considered?

Appellant's Brief at i-ii.

Prior to reviewing the merits of Appellant's PCRA petition, we must first address the PCRA court's finding that the petition was time barred. The PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to reach the underlying merits of a claim. *Commonwealth v. Hipps*, 274 A.3d 1263, 1267 (Pa. Super. 2022); *Commonwealth v. Laboy*, 230 A.3d 1134, 1137 (Pa. Super. 2020)

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond the one-year time period only if the petitioner pleads and proves one of the following three exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

- 4 -

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition attempting to invoke these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Because Appellant did not file a direct appeal, his judgment of sentence became final on March 8, 2013, thirty days after the date upon which he was sentenced. 42 Pa.C.S. § 9545(b)(3) (providing that a judgment becomes final at the conclusion of direct review "or at the expiration of time for seeking the review"); Pa.R.A.P. 903(c)(3) (providing that when no post-sentence motion is filed, a notice of appeal must be filed within thirty days of the imposition of the judgment of sentence); Pa.R.Crim.P. 720(A)(3) (same). The instant PCRA petition was filed on September 27, 2022, well beyond the one-year period in which he could have filed a timely petition under the PCRA. 42 Pa.C.S. § 9545(b)(1).

In his PCRA petition, Appellant invoked the newly discovered fact exception to the PCRA time-bar, citing *Bradley* and stating that "[t]here was no way" that he "could have known the law" related to ineffectiveness of PCRA counsel claims "would change." PCRA Petition, 9/27/22, at 3, 8.[4] However, our Supreme Court has held that "decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA" because "judicial

_____

[4] We note that *Bradley* was filed on October 20, 2021, within one year of Appellant's filing of his third PCRA petition on September 27, 2022. *See* 42 Pa.C.S. § 9545(b)(2).

determinations are not facts." *Commonwealth v. Watts*, 23 A.3d 980, 986-87 (Pa. 2011); *see also Commonwealth v. Reid*, 235 A.3d 1124, 1146-47 (Pa. 2020). As we have explained, "[n]othing in *Bradley* creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." *Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa. Super. 2023); *see also Commonwealth v. Branthafer*, ___ A.3d ___, 2024 PA Super 67, *5 (Pa. Super., filed Apr. 5, 2024) ("In [*Bradley*], our Supreme Court did not overrule the well-established principle that a claim of ineffective assistance of initial-PCRA counsel does not automatically overcome the PCRA jurisdictional one-year time-bar."). Therefore, our Supreme Court's publication of *Bradley* did not create a new fact that would permit Appellant's filing of an untimely PCRA petition under the Section 9545(b)(1)(ii) time-bar exception for newly discovered facts. *See Reid*, 235 A.3d at 1146-47; *Watts*, 23 A.3d at 986-87; *Branthafer*, 2024 PA Super 67, *5; *Stahl*, 292 A.3d at 1136.[5]

---

[5] While Appellant did not invoke the time-bar exception for a retroactive constitutional right, we note our agreement with a prior panel of this Court which stated that "*Bradley* is properly understood as a reassessment of appellate procedure in cases involving claims for collateral relief. It is not, as section 9545(b)(1)(iii) requires, a decision by the Pennsylvania Supreme Court which recognizes a new and retroactive constitutional right outside the permissible filing period provided under the PCRA." *Commonwealth v. Dixon*, No. 1145 EDA 2022, 2022 WL 17973240, *3 (Pa. Super., filed Dec. 28, 2022) (unpublished memorandum); *see* Pa.R.A.P. 126(b) (non-precedential Superior Court decisions filed after May 1, 2019 may be cited for their persuasive value).

In his brief in this Court, Appellant does not rely on the publication of **Bradley**, but instead on PCRA Counsel's conduct, which Appellant alleges resulted in him "being deprived of any consideration of his collateral claims." Appellant's Brief at vii; **see also id.** at iii-vi, 1-3, 38-40. Citing **Commonwealth v. Peterson**, 192 A.3d 1123 (Pa. 2018), and related cases, Appellant argues that PCRA Counsel "completely abandoned his client" by discarding meritorious claims in the amended first PCRA petition; failing to file a brief in support of the amended petition; not communicating regularly with Appellant; failing to conduct an exhaustive review of the record and address allegedly improperly admitted and prejudicial trial evidence at the PCRA hearing; and filing a deficient brief in this Court. Appellant's Brief at iii-vii, 1-3, 38-40.

This purported PCRA time-bar exception arising out of PCRA Counsel's conduct, raised for the first time on appeal, necessarily fails because Appellant failed to plead it in his PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1) (stating one-year time bar is absolute "unless the petition alleges and the petitioner proves" one of the three timeliness exceptions); **Commonwealth v. Anderson**, 234 A.3d 735, 738 (Pa. Super. 2020) (petitioner must successfully plead and prove PCRA timeliness exception to evade PCRA time bar); **see also Peterson**, 192 A.3d at 1132 ("Peterson has plead and proven an entitlement to invoke the subsection 9545(b)(1)(ii) exception to permit the filing of his second PCRA petition beyond the one-year time bar.").

In any event, Appellant's reliance on **Peterson** is unavailing as that case involved "ineffectiveness per se" by PCRA counsel that "completely forecloses review of collateral claims," permitting a PCRA petitioner to invoke the Section 9545(b)(1)(ii) timeliness exception as "a limited extension of the one-year time requirement under circumstances when a petitioner has not had the review to which he was entitled due to a circumstance that was beyond his control." **Peterson**, 192 A.3d at 1130 (citation omitted) (petitioner was permitted to invoke Section 9545(b)(1)(ii) to file a second, untimely PCRA petition where his prior PCRA counsel had filed an untimely first petition, "completely depriv[ing him] of any consideration of his collateral claims under the PCRA"); **see also Commonwealth v. Parrish**, 224 A.3d 682, 701 (Pa. 2020) ("[W]henever PCRA counsel takes any action that wholly deprives his or her client of the right to appellate review of collateral claims, counsel will be deemed to be ineffective *per se*."). Here, by contrast, PCRA Counsel raised claims for PCRA relief in the amended petition, which the PCRA court addressed on the merits, and counsel then fully litigated those claims on appeal before this Court and our Supreme Court. Therefore, Appellant was not "completely deprived of his right to post-conviction review." **Hipps**, 274 A.3d at 1271-72 (petitioner "was not wholly denied his right to post-conviction collateral review" where the PCRA court dismissed claims for lack of merit rather than "on the basis that [the petitioner's] claim was undeveloped and/or waived, or frivolous in some other regard").

Because Appellant has not shown that any statutory exception to the PCRA's one-year time bar applies to his claims of ineffective assistance of PCRA Counsel, the PCRA court correctly held that Appellant's third PCRA petition was untimely. We therefore affirm the dismissal of that PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/18/2024