J-S11039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TIMOTHY J. WRIGHT :
:
Appellant : No. 433 EDA 2023

Appeal from the PCRA Order Entered January 25, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0823041-1984

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TIMOTHY J. WRIGHT :
:
Appellant : No. 434 EDA 2023

Appeal from the PCRA Order Entered January 25, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-00822361-1984

BEFORE:  BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                        **FILED JULY 2, 2024**

Timothy J. Wright appeals from the order dismissing his fourth petition

filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

This Court has previously set forth the relevant factual and procedural history of this case:

On May 24, 1985, Wright was convicted by a jury of two counts of kidnapping, two counts of robbery, and one count each of rape, recklessly endangering another person, possessing an instrument of crime, and aggravated assault, as a result of a four-day crime spree wherein Wright abducted two women in their vehicles. He was sentenced to an aggregate term of 59½ to 124 years of incarceration. Represented by trial counsel, Wright filed a direct appeal, and this Court affirmed his judgment of sentence on July 1, 1986. The Pennsylvania Supreme Court denied Wright's petition for allowance of appeal on April 14, 1987.

On December 11, 2003, Wright filed a *pro se* writ of *habeas corpus* arguing that his constitutional rights were violated by the receipt of consecutive sentences—that because his convictions arose from a single criminal episode, his convictions must merge for sentencing purposes. The PCRA court treated this as his first PCRA petition, and appointed counsel to represent Wright. On September 28, 2004, counsel filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), and sought to withdraw as counsel. Thereafter, the trial court issued notice to Wright of its intention to dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907, and ultimately did so on November 19, 2004. Wright did not appeal that decision.

On October 7, 2008, Wright filed a second *pro se* PCRA petition raising claims of PCRA counsel's ineffectiveness, a violation of Pa.R.Crim.P. 905(B) regarding his first PCRA petition, ineffective assistance of trial counsel, ineffective assistance of PCRA counsel, and discretionary aspects of sentencing. Wright filed a "supplemental addition" to his PCRA petition on February 1, 2009, when he added: "Government Interference occurred when trial counsel was allowed to perfect petitioner's first direct appeal without any assistance or input from petitioner. On March 12, 2010, Wright filed an "Amendment to Subsequent PCRA Petition," wherein he raised various claims of "governmental interference" based upon the trial court's rulings and prior counsel's actions in representing Wright at trial and on direct appeal, and reiterated his claims of ineffectiveness of counsel.

The PCRA court sent notice of its intention to dismiss this second PCRA petition without a hearing on July 22, 2010. Wright filed a response to the notice on August 13, 2010. The trial court dismissed the petition as untimely on September 27, 2010.

Wright filed a timely appeal to this Court, in which he raised thirteen issues. We found his claims to be either waived, undeveloped, or otherwise without merit. This Court therefore affirmed the order denying post-conviction relief on July 12, 2011. [*See Commonwealth v. Wright*, No. 2758 EDA 2010 (Pa. Super., filed July 12, 2011) (unpublished memorandum).] Our Supreme Court denied Wright's petition for allowance of appeal on April 5, 2012.

On October 27, 2014, Wright filed [an additional] *pro se* PCRA petition, his third. On October 14, 2016, the [trial court] issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. Wright filed a response on October 20, 2016. Thereafter, the [] the PCRA court[] denied the petition as untimely on February 10, 2017.

*Commonwealth v. Wright*, No. 910 EDA 2017, 2018 WL 1979126, at *1-2 (Pa. Super., filed Apr. 27, 2018) (unpublished memorandum) (some reformatting; footnote omitted). Wright appealed, and this Court affirmed the PCRA court's dismissal of his third petition. *Id.* at *2-3. Our Supreme Court denied Wright's petition for allowance of appeal on January 9, 2019. *Commonwealth v. Wright*, 200 A.3d 438 (Pa. 2019) (table).

On January 23, 2019, Wright filed, *pro se*, a writ of *habeas corpus*, which the lower court treated as Wright's fourth PCRA petition. Wright retained private counsel, who filed an amended petition on January 6, 2022. The amended petition alleged that "[p]ursuant to the Pennsylvania [S]upreme Court's recent decision in *Commonwealth v. Bradley*, [261 A.3d 381 (Pa.

2021)], the issue of prior PCRA counsel's ineffective assistance is cognizable in a newly filed PCRA." PCRA Petition, 1/6/22, ¶32.

Following the Commonwealth's submission of a motion to dismiss, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907(a), advising Wright that it would dismiss the petition as untimely because **Bradley** does not establish an exception to the PCRA's one-year time bar. Wright filed a *pro se* response to the Rule 907(a) notice, and on February 3, 2023, the PCRA court issued an order dismissing the petition. Wright then filed timely *pro se* notices of appeal at both lower court dockets.

On March 3, 2023, the PCRA court issued an order directing Wright to file a concise statement of errors complained of on appeal within twenty-one days of the date of the order; this order was served upon Wright's privately retained counsel. Wright did not comply with this order, and the PCRA court issued an opinion on May 1, 2023, noting that no concise statement had been filed. PCRA Court Opinion, 5/1/23, at 3. On June 6, 2023, this Court issued orders at each appellate docket, which remanded for the PCRA court to determine whether privately retained counsel had abandoned counsel. On July 17, 2023, the trial court removed privately retained counsel and appointed new counsel to represent Wright.[2] Wright's subsequent counsel

---

[2] In light of the fact that the PCRA court appeared to find that Wright's privately retained counsel abandoned him and that the PCRA court's Pa.R.A.P. 1925(b) order was only served on that counsel, we do not deem the failure to file a concise statement to be fatal to Wright's appeal.

filed an application to consolidate the appeals, which this Court granted, and an appellate brief on Wright's behalf.[3]

Wright raises the following issue for our review:

Where [Wright's] prior PCRA counsel was ineffective for failing to allege that trial counsel was ineffective for failing to present any expert testimony – despite the availability of the same – to support an insanity defense, can relief be granted on this claim pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021)?

Appellant's Brief at 4.

Prior to reviewing the merits of Wright's PCRA petition, we must first address the PCRA court's finding that the petition was time barred. The PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to reach the underlying merits of a claim. **Commonwealth v. Hipps**, 274 A.3d 1263, 1267 (Pa. Super. 2022); **Commonwealth v. Laboy**, 230 A.3d 1134, 1137 (Pa. Super. 2020)

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond the one-year time period only if the petitioner pleads and proves one of the following three exceptions:

_____

[3] Subsequent to his filing of an appellate brief, Wright's court-appointed counsel filed an application to withdraw based upon new employment, and new counsel has been appointed to represent Wright and filed an entry of appearance.

- 5 -

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition attempting to invoke these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Wright's judgment of sentence became final for the purpose of the PCRA on June 13, 1987, upon expiration of the time for filing a petition for writ of *certiorari* with the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) ("For purposes of [the PCRA], a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S.Sup.Ct.R. 20.1 (former) (petition for writ of *certiorari* was required to be filed within 60 days of judgment for state criminal cases). The PCRA time bar was adopted in the 1995 amendments to the PCRA; these amendments further provided that, if the judgment of sentence became final before the January 16, 1996 effective date of the amendments, a first PCRA petition will be considered timely if filed within one year of the effective date. *Commonwealth v. Lesko*, 15 A.3d 345, 361 (Pa.

2011). Therefore, Wright had until January 16, 1997, to file his first petition, and his instant fourth petition filed on January 23, 2019, is patently untimely.

On appeal to this Court, Wright acknowledges that his claim of PCRA counsel ineffectiveness under **Bradley** "does not fit squarely into any of the three exceptions set forth in" Section 9545(b)(1) of the PCRA. Appellant's Brief at 41. Nevertheless, Appellant argues that **Bradley** "worked a fundamental change in the manner in which claims of PCRA counsel's ineffectiveness can be raised…[,] provid[ing] jurisdiction to courts which previously did not have jurisdiction to entertain such claims." **Id.** at 42. As **Bradley** provides that a petitioner may raise claims of prior PCRA counsel's ineffectiveness "at the first opportunity to do so," Wright contends that he is operating within the framework of the Court's decision where he raised a claim that his prior PCRA counsel was ineffective within three months of **Bradley**'s issuance and in his first filing since that decision. **Id.** at 43-44 (quoting **Bradley**, 261 A.3d at 401) (emphasis omitted).

We find no merit to Appellant's argument that his petition is timely under **Bradley**, as our caselaw makes clear that our Supreme Court's decision did not create a new exception to the PCRA's one-year time bar. As we stated in **Commonwealth v. Stahl**, 292 A.3d 1130 (Pa. Super. 2023):

> In **Bradley**, our Supreme Court addressed the dilemma of when a defendant may raise claims of ineffective assistance of PCRA counsel and held that such claims may be raised for the first time during an appeal from the denial of a timely filed first PCRA petition where the PCRA counsel in question represented the defendant until the appeal. 261 A.3d at 401-05. …

Nothing in **Bradley** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right. To the contrary, our Supreme Court in **Bradley** unambiguously **rejected** the filing of a successive untimely PCRA petition as a permissible method of vindicating the right to effective representation by PCRA counsel. 261 A.3d at 403-04 & n.18. The Supreme Court not only stated that the opportunity that it allowed to raise claims of ineffective assistance of PCRA counsel "does not sanction extra-statutory serial [PCRA] petitions," but also expressly held:

> We decline to adopt the approach, suggested by Appellee and Amicus Pennsylvania Innocence Project, that would deem a petitioner's "discovery" of initial PCRA counsel's ineffective assistance to constitute a "new fact" that was unknown to petitioner, allowing such petitioner to overcome, in a successive petition, the PCRA's time bar provision under the "new fact" exception. See 42 Pa.C.S. § 9545(b)(1)(ii). We have repeatedly rejected such an understanding of the "new fact" exception to the PCRA's one-year time bar.

261 A.3d at 403, 404 n.18 (citations omitted). **See also id.** at 406 (Justice Dougherty concurring) ("Importantly, our decision today does not create an exception to the PCRA's jurisdictional time-bar, such that a petitioner represented by the same counsel in the PCRA court and on PCRA appeal could file an untimely successive PCRA petition challenging initial PCRA counsel's ineffectiveness because it was his 'first opportunity to do so'").

**Id.** at 1135-36 (emphasis in original).

Similarly, in **Commonwealth v. Branthafer**, ___ A.3d ___, 2024 PA Super 67 (Pa. Super., filed Apr. 5, 2024), we stated that, while **Bradley** holds that a petitioner may raise a PCRA counsel ineffectiveness claim at the first opportunity to do so, even if raised for the first time on appeal, "our Supreme Court [in **Bradley**] did not overrule the well-established principle that a claim of ineffective assistance of initial-PCRA counsel does not automatically

overcome the PCRA jurisdictional one-year time-bar." *Id.* at *5. "Thus, ***Bradley*** expanded the opportunities afforded a petitioner to raise ineffectiveness claims, albeit still requiring that the petitioner satisfy the jurisdictional one-year time-bar requirement." ***Id.***

Accordingly, we reject Wright's claim that ***Bradley*** establishes a new PCRA timeliness exception through which he could raise an ineffective assistance of counsel claim with respect to the counsel who represented him in his 2003 counseled first PCRA petition.[4] Because Wright has not shown

_____

[4] In addition, we agree with Wright that a PCRA ineffectiveness claim under ***Bradley*** does not fit within the three statutory time-bar exceptions of Section 9545(b)(1). Wright could not show that he was prevented from timely raising his claim due to "interference by government officials" under Section 9545(b)(1)(i) because defense attorneys are not government officials. 42 Pa.C.S. § 9545(b)(1)(i); 42 Pa.C.S. § 9545(b)(4) ("For purposes of [the PCRA], 'government officials' shall not include defense counsel, whether appointed or retained."). Furthermore, as ***Bradley*** itself explained, the deficient performance by counsel in a prior PCRA proceeding does not constitute a newly discovered fact for the purpose of the second time-bar exception. 42 Pa.C.S. § 9545(b)(1)(ii); ***Bradley***, 261 A.3d at 404 n.18; ***Stahl***, 292 A.3d at 1136. Additionally, the publication of ***Bradley*** on October 20, 2021, "does not amount to a new 'fact' under section 9545(b)(1)(ii)" because "judicial determinations are not facts." ***Commonwealth v. Watts***, 23 A.3d 980, 986-87 (Pa. 2011); ***see also Commonwealth v. Reid***, 235 A.3d 1124, 1146-47 (Pa. 2020).

Finally, with respect to the third time-bar exception, we agree with a prior panel of this Court which stated that "***Bradley*** is properly understood as a reassessment of appellate procedure in cases involving claims for collateral relief. It is not, as section 9545(b)(1)(iii) requires, a decision by the Pennsylvania Supreme Court which recognizes a new and retroactive constitutional right outside the permissible filing period provided under the PCRA." ***Commonwealth v. Dixon***, No. 1145 EDA 2022, 2022 WL 17973240, *3 (Pa. Super., filed Dec. 28, 2022) (unpublished memorandum); ***see*** Pa.R.A.P. 126(b) (non-precedential Superior Court decisions filed after May 1, 2019 may be cited for their persuasive value).

grounds to overcome the PCRA's one-year time bar, the PCRA court correctly concluded that it was without jurisdiction to consider Wright's untimely fourth PCRA petition. We therefore affirm the dismissal of the petition without a hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/2/2024